FILED

2015 Mar-27  AM 11:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| NATHAN D. McFERRIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.  7:14-CV-1247-SLB |
| | ) | |
| CAPITAL ONE BANK (U.S.A.), N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss Amended Complaint. (Doc. 12.)[1] Plaintiff Nathan D. McFerrin has sued defendant Capital One Bank alleging claims based in the Fair Debt Collection Practices Act and state-law claims of fraud, unjust enrichment, and intentional infliction of emotional distress.  Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss Amended Complaint, (doc. 12), is due to be granted.

## I.  MOTION TO DISMISS STANDARD

Defendant has moved to dismiss plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.  (Doc. 9 at 1-2.)  The purpose of such a motion, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of a claim for relief. *Brooks v. Blue Cross and Blue*

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

*Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997).  Rule 12(b)(6) must be read together with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which "requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal citations and quotation omitted).

When addressing a 12(b)(6) motion to dismiss, the court accepts the allegations in the Complaint as true and construes those allegations in the light most favorable to plaintiff. *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)(quoting *Am. Dental Ass'n*, 605 F.3d at 1288).  To survive a Motion to Dismiss, "the complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Id*. (quoting *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)))(internal quotations omitted).  A claim is "plausible" if the facts are sufficient "to allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation," and the court does not assume that plaintiff can prove facts she has not alleged.  *Twombly*, 550 U.S. at 555, 563 n.8. (internal quotations and citations omitted). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a

2

complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)(quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

## II. STATEMENT OF FACTS

Plaintiff's Complaint contains the following "Statement of Facts," which the court assumes are true for purposes of deciding defendant Motion to Dismiss Amended Complaint:

> On December 03, 2008 a civil action, without proof of debt being [owed] by Plaintiff, was filed against Plaintiff in the District Court of Tuscaloosa County, Alabama. Plaintiff denied this debt for approximately six (6) and one half [(1/2)] years before Defendant (Plaintiff at that time) decided that the filed complaint against current Plaintiff, Nathan D. McFerrin, should be vacated because of fraud on a third party. Plaintiff was subjected to threats of incarceration, humiliation, denial of credit opportunities, increased interest payments for credit received, a complete destruction of the harmony of a household and destruction of credit, because of Defendant's [sic] Capital One Bank's actions against and toward Plaintiff.

(Doc. 1 at 2.) After defendant filed its first Motion to Dismiss,[2] (doc. 6), plaintiff filed an Amendment to Original Complaint, which contained the following allegations:

> 2. Defendant, Capital One Bank (USA) N.A., hereinafter, Capital One, has engaged in only one business practice with the Plaintiff and that is a relentless pursuit of a phantom debt allegedly owed by the Plaintiff.

---

[2]By separate Order, the court has denied as moot defendant's first Motion to Dismiss. The Motion to Dismiss the Amended Complaint, (doc. 12), includes all grounds raised in the first Motion to Dismiss. (*Compare* doc. 6 *with* doc. 12.)

3.  Defendant, Capital One, qualifies as a debt collector because it has used the "instrumentalities of the interstate commerce, through usage of the phone and the mails in an attempt to collect from the Plaintiff.

4.  Defendant, Capital One has engaged in regular telephone calls at Plaintiff's residence and workplace alleging that Plaintiff owes a debt and that they are collecting such a debt.

5.  Defendant Capital One has not attempted to set itself apart as separate entity engaging in such collection practices on behalf of the Defendant, Capital One.

6.  Defendant, Capital One, has attempted to collect on a credit card, allegedly contracted with and issued to the Plaintiff, in which the Plaintiff would have used for personal use.  . . .

. . .

8.  Plaintiff re-alleges that Defendant, Capital One has engaged in debt collection practices that were/are intentional and reckless and that Plaintiff has suffered tremendous emotional distress by being called repeatedly at home and at work.

9.  Plaintiff alleges that for Defendant, Capital One, to knowingly and intentionally accept a payment for a contract of a credit card, that 1) they cannot produce and 2) if produced, the Plaintiff would not have signed, is to be **enriched unjustly**.  Emphasis added.

10.  Plaintiff specifically states that Defendant, Capital One, has found a name and an address, and by method of "default to pay" forces consumers just like Plaintiff, to become overwhelmed with phone calls and letters and ultimately give [in] and pay a debt that is not owed.  This is a fraudulent scheme that will not be deterred, even when an innocent consumer states emphatically that the debt is not owed and demands strict proof thereof. Plaintiff has become overwhelmed with phone calls and received a small claims complaint that was later dismissed citing third party fraud. Plaintiff has been threatened with criminal charges and jail time if he does not pay a debt that is not his.  Plaintiff has repeatedly stated the debt was not his.  Plaintiff engaged in continued dialogue with the Defendant, Capital One, for considerable time before the debt lawsuit was dismissed.

(Doc. 11 at 1-2.)  In response to plaintiff's Amendment, defendant filed the instant Motion to Dismiss Amended Complaint.

### III.  DISCUSSION

Defendant asks the court to dismiss plaintiff's claims on the ground that his Complaint and Amended Complaint fail to state a claim upon which relief can be granted.  For the reasons set forth below, the court agrees.

### A.  FAIR DEBT COLLECTION PRACTICES

Defendant contends that plaintiff's claim under the Fair Debt Collection Practices Act ["FDCPA"] is due to be dismissed because plaintiff has not alleged facts sufficient to show that defendant is a debt collector as the term is defined by the FDCPA.  The FDCPA defines "debt collector" as –

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.  . . .  The term does not include –
>
> (A)  any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor . . . .

15 U.S.C. § 1692a(6)(A).  "The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."  *Id*. (4).

5

Plaintiff has not specified the FDCPA provision he contends defendant violated. Nevertheless, viewing the allegations of his Complaint and Amended Complaint, the court finds that he is alleging violations of 15 U.S.C. § 1692e, which states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt;[3] . . .
>
> . . .
> (4)  The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.[4]
>
> . . .

15 U.S.C.A. § 1692e.  As set forth above, "debt collector" does not include a creditor trying to collect its own debt.

Plaintiff's Complaint and Amended Complaint allege that defendant's collection actions were taken with the purpose of collecting a credit card debt owed to Capital One. This factual assertion, that defendant was a creditor, bars plaintiff's claim for relief under the FDCPA.

---

[3](*See* doc. 1 at 1-2; doc. 11 ¶¶ 2, 10.)

[4](*See* doc. 1 at 2; doc. 11 ¶ 10.)

Defendant's Motion to Dismiss Amended Complaint will be granted and plaintiff's FDCPA will be dismissed with prejudice without leave to amend.[5]

## B. FRAUD

Count Two of plaintiff's Complaint alleges, "Defendant pursued the collection of the debt allegedly owed by Plaintiff, continuously for approximate [6½] years, without complete validation of such debt . . . ."  (Doc. 1 at 3.)  In his Amendment to Original Complaint, plaintiff alleges that defendant has a "fraudulent scheme" to force an "innocent consumer" to "pay a debt that is not owed."  (Doc. 11 ¶ 10.)  Defendant has moved to dismiss plaintiff's fraud claim based on plaintiff's failure to plead the claim with specificity.  (*See* doc. 12 at 12-15.)  In response to defendant's Motion,[6] plaintiff argues that he "has gone to great lengths to notify [defendant] that it had 'the wrong guy' and this was ignored repeatedly." (Doc. 17 at 2.)

_____

[5]"The Supreme Court has noted that under Federal Rule of Civil Procedure 15, leave should be freely given '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  Pursuant to *Foman*, a district court may deny leave to amend a complaint under Rule 15(a) if that amendment would be futile.  371 U.S. at 182; *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)(holding that 'denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal')." *McKinley v. Petsmart, Inc.*, No. 2:05-CV562F(WO), 2005 WL 2108107, *3 n.4 (M.D. Ala. Aug. 24, 2005).  Because defendant is a creditor and not a debt collector, any leave to amend would be futile.

[6]Plaintiff's Response states, "Plaintiff's Claim for Fraud is Sufficient Under the FDCPA," and he cites the court to case law regarding criminal mail fraud.  (Doc. 17 at 1-2.) However, plaintiff's Complaint alleges a state-law fraud claim.  (Doc. 1 at 3.)

In Alabama, "To establish the elements of fraudulent misrepresentation [plaintiff] has to show:  (1) that the [defendant's] representation was false, (2) that it concerned a material fact, (3) that [plaintiff] relied on the false representation, and (4) that actual injury resulted from that reliance."  *Ex parte Novartis Pharmaceuticals Corp*., 991 So. 2d 1263, 1275 (Ala. 2008)(internal quotations and alterations omitted; citation omitted).  With regard to reliance necessary to support a cause of action for fraud, the Alabama Supreme Court has held:

> [A] party cannot claim that [he] was deceived by a representation if [he] was sufficiently skeptical of it or knew the representation to be false.
>
> > To claim reliance upon a misrepresentation, the allegedly deceived party must have believed it to be true.  If it appears that he was in fact so skeptical as to its truth that he placed no confidence in it, it cannot be viewed as a substantial cause of his conduct.  If the plaintiff knew that the representations were false, he can not [sic] complain that he has been misled to his damage by the defendant's attempted deception. The idea of a person knowing a representation to be false and at the same time relying thereon is a contradiction in terms.

*Sandoz, Inc. v. State*, 100 So. 3d 514, 527 (Ala. 2012)(quoting *AstraZeneca*, 41 So. 3d at 28)(internal quotations and citations omitted).

In his Complaint and Amendment to Original Complaint, plaintiff alleges that defendant repeatedly tried to collect a debt that plaintiff steadfastly insisted he did not owe. Plaintiff, however, makes no allegation, nor could he given his conviction that he did not owe the amount claimed, that he relied on defendant's false representation to his detriment.  He has alleged no facts that would support a claim that he was ever deceived by defendant's

statements that plaintiff owed it money.  Therefore, the court finds that plaintiff has not, and cannot, state a claim for fraud based on defendant's assertion that plaintiff owed it a debt.

Defendant's Motion to Dismiss Amended Complaint will be granted and plaintiff's fraud claim will be dismissed with prejudice.  Any leave to amend would be futile in light of plaintiff's admission that he was never deceived by defendant's assertion.

## C.  UNJUST ENRICHMENT

Plaintiff does not oppose defendant's Motion to Dismiss this count.  Therefore, defendant's Motion to Dismiss Amended Complaint will be granted and plaintiff's unjust enrichment claim will be dismissed.[7]

## D.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Alabama recognizes a tort claim for the intentional infliction of emotional distress:

[The Alabama Supreme] Court first recognized the tort of outrage [or intentional infliction of emotional distress] in 1980, in *American Road Service*

---

[7]Even if plaintiff had not abandoned this claim, the court would dismiss plaintiff's unjust enrichment claim.  In his Amendment, plaintiff "alleges that for Defendant, Capital One, to knowingly and intentionally accept a payment for a contract of a credit card, that 1) they cannot produce and 2) if produced, the Plaintiff would not have signed, is to be enriched unjustly."  (Doc. 11 ¶ 9.)  However, plaintiff never alleged that he made any payment to defendant.  Therefore, he has failed to allege a claim for unjust enrichment for which relief may be granted.  *See Scrushy v. Tucker*, 955 So. 2d 988, 1011-12 (Ala. 2006)(holding that for a plaintiff to recover on a claim for unjust enrichment he must show either "that the defendant holds money which, in equity and good conscience, belongs to the plaintiff" or that defendant "holds money which [plaintiff] improperly paid to defendant because of mistake or fraud").  Nothing in the Complaint, Amendment to Original Complaint, or Response supports a plausible claim that defendant holds money that belongs to plaintiff or that plaintiff ever paid defendant any money because of mistake or fraud.

*Co. v. Inmon,* 394 So. 2d 361 (Ala. 1980).  In *Inmon* this Court recognized the tort proposed by the *Restatement (Second) of Torts* § 46 (1948), holding:

> ''[O]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress.  The emotional distress thereunder must be so severe that no reasonable person could be expected to endure it.  Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme.  Comment, *Restatement [(Second) of Torts* § 46], at 78 [ (1948) ].  By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.  Comment (d), *Restatement, supra* at 72.''

394 So. 2d at 365.  The Court noted in *Inmon* that the tort of outrage

> ''does not recognize recovery for 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'  Comment, *Restatement, supra,* at 73.  The principle applies only to unprivileged, intentional or reckless conduct of an extreme and outrageous nature, and only that which causes severe emotional distress.''

394 So. 2d at 364-65.  As this Court has since held:

> ''The tort of outrage is an extremely limited cause of action.  It is so limited that this Court has recognized it in regard to only three kinds of conduct:  (1) wrongful conduct in the family-burial context, *Whitt v. Hulsey,* 519 So. 2d 901 (Ala.1987); (2) barbaric methods employed to coerce an insurance settlement, *National Sec. Fire & Cas. Co. v. Bowen,* 447 So. 2d 133 (Ala.1983); and (3) egregious sexual harassment, *Busby v. Truswal Sys. Corp.,* 551 So. 2d 322 (Ala. 1989).  See also Michael L. Roberts and Gregory S. Cusimano, *Alabama Tort Law,* § 23.0 (2d ed.1996).  In order to recover, a plaintiff must demonstrate that the defendant's conduct '(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it.' *Green Tree Acceptance, Inc. v. Standridge,* 565 So. 2d 38, 44 (Ala.

10

> 1990)(citing *American Road Service Co. v. Inmon*[, 394 So. 2d 361 (Ala. 1980)]).''
>
> *Potts v. Hayes,* 771 So. 2d 462, 465 (Ala. 2000).  That is not to say, however, that the tort of outrage is viable in only the three circumstances noted in *Potts*.  Recently, this Court affirmed a judgment on a tort-of-outrage claim asserted against a family physician who, when asked by a teenage boy's mother to counsel the boy concerning his stress over his parents' divorce, instead began exchanging addictive prescription drugs for homosexual sex for a number of years, resulting in the boy's drug addiction.  *See O'Rear v. B.H.,* 69 So. 3d 106 (Ala. 2011).  It is clear, however, that the tort of outrage is viable only when the conduct is '''so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.''' *Horne v. TGM Assocs., L.P.*, 56 So. 3d 615, 631 (Ala. 2010)(quoting *Inmon,* 394 So. 2d at 365).

*Little v. Robinson*, 72 So. 3d 1168, 1172-73 (Ala. 2011).  This court has no "commission to redefine the present boundaries of state law claims." *Jackson v. Countrywide Home Loans*, No. 2:11-cv-327-MEF, 2012 WL 777180, at *8 (M.D. Ala. Mar. 7, 2012).  With these standards in mind, the court finds that plaintiff has not stated an intentional-infliction-of-emotional-distress claim upon which relief may be granted.

In his Complaint, plaintiff alleges that defendant filed suit against him to collect a debt he did not owe.  (Doc. 1 at 2.)  He alleges that he "has suffered tremendous emotional distress by being called repeatedly at home and at work," (doc. 11 ¶ 8), including "threats of incarceration, humiliation, denial of credit opportunities, increased interest payments for credit received, a complete destruction of the harmony of a household, and destruction of credit," (doc. 1 at 2).  He argues that defendant's conduct was outrageous based on "repeated harassment through the phone system and mails . . . for a debt not owed."  (Doc. 17 at 2.)

11

However, beyond these conclusory statement, plaintiff has not described defendant's conduct or otherwise alleged any facts to support his claim that defendant's calls and letters were "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." *See Little*, 72 So. 3d at 1173 (internal citations omitted).  Indeed, the Alabama Supreme court has held that "oppressive collection practices" – including "threatening, abusive, and insulting language," a "wrongful threat of repossession," and the "filing of an adverse report with a credit bureau" – are not so extreme as to support an outrage claim.  *See Standridge*, 565 So. 2d at 45.

The court finds that plaintiff has not alleged a claim for intentional infliction of emotional distress and, therefore, defendant's Motion to Dismiss this claim will be granted. Plaintiff's claim of intentional infliction of emotional distress will be dismissed with prejudice without leave to amend because such amendment would be futile.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff has failed to state any claim for which relief can be granted.  An Order granting defendant's Motion to Dismiss Amended Complaint, (doc. 12), will be entered contemporaneously with this Memorandum Opinion.

12

**DONE** this 27th day of March, 2015.

SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE